UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLES RANDALL )
CAMPBELL, )
 )
    Plaintiff, )
 )
v. ) CV420-309
 )
MS. HOLLIE S. BENNETT, *et al.*, )
 )
    Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Charles Randall Campbell has filed this action challenging a judgment of the District of South Carolina and aspects of proceedings before a South Carolina family court. *See* docs. 1 & 19. The State of South Carolina has filed several motions seeking to dismiss or strike the Complaint and Amended Complaints. Docs. 14, 27, & 31. For the following reasons, defendant's motion to strike the First Amended Complaint is **DENIED**. Doc. 27. The Court **RECOMMENDS** that the motion to strike the Second Amended Complaint and motions to dismiss be **GRANTED**. Doc. 14, 27 & 31. Plaintiff is **DIRECTED** to **SHOW CAUSE** why the Complaint should not be **DISMISSED** for lack of

subject matter jurisdiction or, alternatively, transferred to a more appropriate venue.

## Background

Plaintiff was party to a divorce action before the Family Court of York County South Carolina that resulted a Final Order and Divorce Decree in May 2014. Doc. 19 at 4–5. As part of the resolution, he was ordered to have no contact or visitation with his children. *Id.* at 5. In April 2019, plaintiff filed a case in the District of South Carolina alleging that he was denied due process and the right to counsel during the family court proceeding and seeking injunctive relief to restore his parental rights.[1] *Campbell v. Bennett, et al.*, CV0:19-973, doc. 1 (D.S.C. Apr. 2, 2019). The District Court dismissed the claims with prejudice. *Campbell v. Bennett, et al.*, CV0:19-973, doc. 21 (D.S.C. Sep. 23, 2019). Plaintiff appealed the dismissal to the Fourth Circuit, which found no reversible error and affirmed the ruling. *Campbell v. Bennett, et al.*, No. 19-2149, doc. 7 (4th Cir. Apr. 16, 2020). He then filed a petition for a writ of

---

[1] Many of the parties named in the District of South Carolina case are also named in the instant Complaint. *Compare* doc. 19 *with Campbell v. Bennett, et al.*, CV0:19-973, doc. 1 (D.S.C. Apr. 2, 2019).

certiorari with the United States Supreme Court, which was denied. *Campbell v. Bennett, et al.*, No. 20-59 (Sup. Ct. Oct. 5, 2020).

## Analysis

### I. Motions to Strike Amended Complaints

Plaintiff has filed two Amended Complaints—February 23, 2021, and April 2, 2021. The State of South Carolina has filed motions seeking to strike both on the basis that leave was neither requested nor granted for their filing. Docs. 27 & 31. Federal Rule of Civil Procedure 15(1) permits a plaintiff for file a single amendment to their pleadings as a matter of course. Fed. R. Civ. P. 15(1). Such permissive amendment must be filed within 21 days of defendants filing their responsive pleading or any motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(1)(b). Any latter amendment requires either the written consent of the opposing party or leave from the Court. Fed. R. Civ. P. 15(2).

Defendants filed their first motion to dismiss under Rule 12(b) on January 25, 2021. Doc. 14. As such, the deadline by which plaintiff could freely amend his pleadings without obtaining leave of the Court or consent from the defendants was February 15, 2021. Under the Federal Rules, the date of filing is the date of receipt by the Court. Fed. R. Civ.

P. 5(d)(2)(A) ("A paper not filed electronically is filed by delivering it to the clerk"). Neither of the Amended Complaints was received before this date.

Plaintiff argues that the first motion to strike should be denied because he made a good faith effort to timely file his original Amended Complaint. Doc. 28. He alleges that he mailed the first Amended Complaint on February 11, 2021, and was given a guaranteed delivery date of February 12, 2021. *See* doc. 28 at 3 & 9. The mailing was not delivered until February 25, 2021. *Id.* at 9. Upon realizing that his first attempt was not timely delivered, plaintiff contacted the Clerk of Court and remailed the Amended Complaint on February 19, 2021. *Id.* at 3 & 10. The second mailing was not delivered until March 3, 2021. *Id.* at 10; *see also* doc. 25. Plaintiff ultimately hand delivered the Amended Complaint on February 23, 2021. Docs. 19 & 22.

Generally, regardless of when a filing is placed in the mail, it is untimely if received after an established deadline. *See Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) ("When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk," and any papers

which "arriv[e] after a deadline are untimely even if mailed before the deadline." (internal quotations and citations omitted)). In this instance, the Court will excuse the slight delay in receipt of plaintiff's first Amended Complaint, as it appears that he took reasonable steps to timely file the amendment and was diligent in correcting the issue after learning of the delayed delivery. Fed. R. Civ. P. 6(b). Therefore, defendant State of South Carolina's motion to strike plaintiff's first Amended Complaint is **DENIED**. Doc. 27.

As plaintiff already filed one amendment to his pleadings, leave was required for his Second Amended Complaint. Fed. R. Civ. P. 15(a)(2). Leave was not requested or granted. Therefore, the Court **RECOMMENDS** that defendant State of South Carolina's motion to strike the Second Amended Complaint be **GRANTED**. Doc. 31.

## II.   Motion to Dismiss

The State of South Carolina has filed two motions to dismiss that assert that plaintiff's claims against the state are barred by the Eleventh Amendment. Docs. 14 & 31. In opposing the motion, plaintiff argues that his ability to pursue his Fifth and Sixth Amendments claims should

negate defendant's ability to claim immunity. Doc. 16. This position is unsupported by any legal foundation.

"The Eleventh Amendment protects a State from being sued in federal court without the State's consent. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). The immunity extends to all claims for relief, including damages and injunctive relief. *See, Stevens v. Gay*, 864 113, 115 (11th Cir. 1989) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Plaintiff has offered no suggestion that South Carolina has waived immunity in this specific case or for the variety of claims asserted. *Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir.1992) (noting that "a state waives its Eleventh Amendment immunity only if there is an unequivocal indication that the state intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment"). As the State of South Carolina is immune from suit, the motions to dismiss should be **GRANTED**. Docs. 14 & 31.

### III. Lack of Jurisdiction

A review of the Complaint evidences that this Court lacks jurisdiction, or at the least is an improper venue, for considering plaintiffs' claims. The nature of the claims is not completely clear from the pleadings. Ostensibly, the claims spring from a divorce proceeding before a South Carolina family court that resulted in the termination of certain parental rights in May 2014. *See* doc. 19 at 5. Among the defendants named in the Amended Complaint are the guardian *ad litem*, psychologist, and court involved in that proceeding. *See id*. at 2, 15–17. Also named are the State of South Carolina and state agencies and officials. *See id*. at 15–16. Notwithstanding the recommended dismissal of the claims against the State of South Carlina, the substance of the allegations suggests that the Complaint, at least in part, is seeking relitigation of a case previously considered by the District of South Carolina. This is expressly asserted by plaintiff in his request to "refile" aspects of his prior Complaint that he contends were not resolved. *Id*. at 8. Portions of his petition for a writ of certiorari from the Supreme Court are also incorporated into the Complaint. *See id*. at 6–7, 9–10.

To the extent that plaintiff is seeking to relitigate what has already been considered by another federal court, this Court lacks jurisdiction. The federal district courts are, by statute, courts of original jurisdiction, not appellate jurisdiction. 28 U.S.C. §§ 1331, 1332 (establishing the jurisdiction of the Court). This Court lacks the ability to sit in review of another court. Even if these claims were asserted before the United States Court of Appeals, which is invested with appellate jurisdiction, the Eleventh Circuit would also lack jurisdiction because the court that entered the disputed judgment is located in another circuit. *See Versa Prod., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) ("we lack appellate jurisdiction to review the decision of a district court in another circuit." (internal quotation omitted)).

If plaintiff is dissatisfied with the outcome of his prior litigation, he cannot seek a second bite at the apple under the guise of suing those involved in the prior case or refiling the complaint in another court. The only available avenue for plaintiff to challenge the decisions of the District of South Carolina was an appeal to the Fourth Circuit. Plaintiff did pursue an appeal to the Fourth Circuit, which found no reversible error and dismissed the appeal. *Campbell v. Bennett, et al.*, No. 19-2149,

doc. 7 (4th Cir. Apr. 16, 2020). He also sought a writ of certiorari from the United States Supreme Court, which was denied. *Campbell v. Bennett, et al.*, No. 20-59 (Sup. Ct. Oct. 5, 2020). Any alleged defects with the District of South Carolina's decisions, were resolved through plaintiff's appeal or, if they were not then raised, have been waived.

The Court notes that many of the currently named defendants are also not subject to civil suit, including South Carolina state instrumentalities and officials. *See Nicholl v. Bd. of Regents of Univ. Sys. of Georgia*, 706 Fed. App'x 493, 495 (11th Cir. 2017) ("Sovereign immunity under the Eleventh Amendment applies both to states and to those entities that are considered 'arms of the state.'"); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."). State and federal courts, judges, and court staff also enjoy immunity from civil suit of this nature. *See, Rutherford v. United States Dist. Ct.*, 425 F. App'x 400, 400 (5th Cir. 2011) ("As a unit of the judicial branch of the federal government, the United States District Court is entitled to sovereign immunity, and the district court

lacked jurisdiction to entertain Rutherford's claims against it."); *McBreaty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); *Hyland v. Kolhage*, 267 F. App'x 836, 843 (11th Cir. 2008) (though narrower than that enjoyed by judges, clerks of court claim judicial immunity for acts performed within the function of their position).

The Court also notes that plaintiff's claims related to the conduct of his South Carolina divorce proceedings are likely time-barred. Claims brought under 42 U.S.C. § 1983 are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). The statute of limitation for such claims in South Carolina is three years. S.C. CODE ANN. § 15-3-530 (1976). Under Georgia law, it is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per*

*curiam*). Though plaintiff undoubtedly became aware of the basis of any claims related to the state proceedings earlier, the latest alleged event arguably connected to the divorce action was the resolution of plaintiff's claims against Lathan on November 7, 2016. Doc. 19 at 6. As more than four years passed between this event and the filing of the instant case, any claims springing from the divorce proceeding are inarguably untimely.

Plaintiff is **DIRECTED** to **SHOW CAUSE** within 14 days of this Order why this case should not be fully dismissed for lack of subject-matter jurisdiction. In doing so, plaintiff must specifically identify what claims are presented to this Court and against whom they are asserted.

## CONCLUSION

Accordingly, defendant State of South Carolina's motion to strike the First Amended Complaint is **DENIED**. Doc. 27. The Court **RECOMMENDS** that defendant's motion to strike the Second Amended Complaint, doc. 31, and motions to dismiss, docs. 14 and 27, be **GRANTED**. Plaintiff is **DIRECTED** to **SHOW CAUSE** within 14 days of this Order as to why the pleadings should not be dismissed for lack of jurisdiction.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 16th day of August, 2021.

                                                     */s/ Christopher L. Ray*
                                         CHRISTOPHER L. RAY
                                         UNITED STATES MAGISTRATE JUDGE
                                         SOUTHERN DISTRICT OF GEORGIA