IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLES RANDALL CAMPBELL,

    Plaintiff,

v.

MS. HOLLIE S. BENNETT, *et al.*,

    Defendant.

CIVIL ACTION NO.: 4:20-cv-309

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's August 17, 2021, Report and Recommendation, (doc. 39), to which plaintiff has filed an objection, (doc. 40), and defendant State of South Carolina has filed a response, (doc. 41). The Magistrate Judge recommended that defendants' motions to strike plaintiff's Second Amended Complaint and motion to dismiss be granted. (Doc. 39). The Magistrate Judge also directed plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction or, alternatively, transferred. (Id.). For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion and **DISMISSES** the Complaint.

The State of South Carolina filed a motion to strike plaintiff's Second Amended Complaint. (Doc. 27). The Magistrate Judge found that the amendment was filed without the leave required under Federal Rule of Civil Procedure 15(a)(2). (Doc. 39 at 5). Plaintiff has not objected to this finding. The State of South Carolina has also filed two motions to dismiss. (Docs. 14 & 31). The Magistrate Judge recommended that these motions be granted as South Carolina is entitled to

sovereign immunity.[1]  (Doc. 39 at 5–6).  Plaintiff has also not objected to this recommendation. The Court concurs with the Magistrate Judge's reasoning and recommendation and **GRANTS** the motion to strike the Second Amended Complaint (Doc. 27) and motions to dismiss (Docs. 14 & 31).

The Magistrate Judge also directed plaintiff to show cause why this case should not be dismissed or transferred for lack of jurisdiction.  (Doc. 39 at 7–11).  The Report and Recommendation identified multiple potential jurisdictional defects, including the inability of a district court to sit in review of another, the immunity of multiple defendants, and the statute of limitations applicable to his claims.  (Id.).  Plaintiff has attempted to respond to each of the identified deficiencies.

As an initial matter, the Southern District of Georgia is not a proper venue for this case. A federal case may be brought in either the judicial district in which any defendant resides or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b).  None of the named defendants nor alleged misconduct have any connection to this district, or the state of Georgia.  The proper venue for this claim is the District of South Carolina.  28 U.S.C. § 121 (defining the District of South Carolina).  Where venue is improper transfer or dismissal is required.  28 U.S.C. § 1406(a).  As transfer of this case would be futile due to the jurisdictional defects of the claims, dismissal is appropriate.

The Magistrate Judge correctly concluded that this Court cannot sit in review of another district court's prior ruling.  (See doc. 39 at 7–9); see also Exxon Mobil Corp. v. Saudi Basic

---

[1]  Plaintiff's Amended Complaint attempts to substitute South Carolina Attorney General Wilson for the State of South Carolina, seemingly to avoid the motion to dismiss.  (Doc. 19 at 13).  To the extent that such substitution is appropriate, claims against Wilson are subject to dismissal for the below discussed reasons.

2

Indus. Corp., 544 U.S. 280, 284, (2005) ("Congress had empowered only [the Supreme] Court to exercise appellate authority 'to reverse or modify' a state-court judgment." (quoting Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923))); Daker v. Bryson, 841 Fed. App'x 115, 124 (11th Cir. 2020) ("A district court cannot perform an appellate function by directly reviewing the decision of another district court." (citing Roofing & Sheet Metal Servs. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 988 (11th Cir. 1982))).   Plaintiff contends that as the District of South Carolina determined that the Rooker-Feldman doctrine barred its ability to grant injunctive relief that would invalidate the order and divorce decree of the South Carolina Family Court, it lacked jurisdiction to reach a merits determination as to the claims that he seeks to bring in the instant action.   (Doc. 40 at 13–16).   Plaintiff's position fails to appreciate that this Court's consideration of the claims would necessarily begin from the same position as that of the District of South Carolina—jurisdiction.   See, e.g., Colling v. Koch Foods, Inc., 2019 WL 2520308, at * 1 (S.D. Ga. June 18, 2019) ("A federal court has both the power and the obligation to inquire into its jurisdiction whenever there is a possibility that jurisdiction does not exist." (citation omitted)).   As the District of South Carolina has already concluded that the claims are precluded by Rooker-Feldman abstention, this Court lacks jurisdiction to reconsider that judgment.

Furthermore, many of the claims previously considered by the District of South Carolina and now brought before this Court were dismissed on grounds independent of Rooker-Feldman. The district court found that defendants Bennett, Goldsmith, Hall, Shelton, and Stone were not subject to suit under 42 U.S.C.§ 1983 because they were not state actors.   Campbell v. Bennett, et al., CV0:19-973, doc. 21 at 4–6 (Dist. S.C. Sep. 23, 2019).   It found that Judge Jones was immune from suit on claims derived from his actions presiding over defendant's divorce proceedings.   (Id. at 6).   The court dismissed plaintiff's due process claims against the South

3

Carolina Department of Labor, Licensing, and Regulations, the Board of Examiners of Psychology and the individuals associated with both entities as he failed to assert any cognizable property interest. (Id. at 6–8). Plaintiff's claims against the South Carolina Bar, its Board of Governors, and individual board members for failure to provide him appointed counsel in a civil matter were dismissed as meritless. (Id. at 8). Even if the District of South Carolina declined to exercise jurisdiction over plaintiff's requests for injunctive relief, it had jurisdiction to consider these other matters and disposed of each on its merits. Therefore, all of the claims previously brought before the District of South Carolina are **DISMISSED**.

Even if the Court had jurisdiction to consider these claims, they are time-barred. As the Magistrate Judge noted, claims against state actors under 42 U.S.C. § 1983 are subject to the same statute of limitation as personal injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, such claims must be filed within two years. O.C.G.A. § 9-3-33. In South Carolina, the limitation is three years. S.C. CODE ANN. § 15-3-530 (1976). Plaintiff asserts that the statute of limitations in his claims has not yet begun to run as he "is claiming failure of due process by multiple parties [and] it is standard practice that until due process has initially been served, no statute of limitations may begin." (Doc. 40 at 16). He has provided no support for this incorrect assertion of law. A statute of limitations begins to run when a plaintiff is aware or should reasonably be aware of the facts supporting their cause of action. Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curium). As the Magistrate Judge noted, absent those claims arising from the District of South Carolina proceedings and the subsequent appeals, the latest alleged event arguably stemming from the divorce proceedings was the conclusion of plaintiff's civil claims against Latham in November 2016. (Doc. 19 at 6). In his objection, plaintiff does reference an incident in 2019 in which his

ex-spouse allegedly violated the terms of the order and divorce decree by threatening to seek his arrest after he attempted to deliver Christmas gifts through an intermediary. (Doc. 40 at 17). Plaintiff claims that this is evidence of the "emotional disturbance" caused by the South Carolina Family Court's ruling. (Id.). Though this might be a cause of action before a state court for violation of the existing order, it is not an independent federal cause of action. Plaintiff was unquestionably aware of the facts supporting all of his claims, other than those challenging the rulings of other federal courts, more than four years prior to the filing of this case.

Plaintiff hints at an argument for equitable tolling in claiming that his ability to file a federal claim was stalled by the denial of his requests for appointed counsel. (Doc. 40 at 16). Equitable tolling requires a showing of extraordinary circumstances. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly."). Plaintiff has no constitutional right to counsel in this civil case. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). As he is not entitled to counsel, its denial is not an extraordinary circumstance. Absent a reason to toll the statute of limitations, all of plaintiff's claims other than those arising from the other federal court proceedings are time-barred and subject to dismissal.

The only remaining claims that are not precluded by the District of South Carolina's judgment or the statute of limitations are those against the District of South Carolina, the Fourth Circuit Court of Appeals, Judge Andersen of the District of South Carolina, and O'Conner, the Clerk of the Fourth Circuit. All of these entities and individuals are entitled to immunity. See, F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); McBreaty v. Koji, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983

5

for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); Hyland v. Kolhage, 267 F. App'x 836, 843 (11th Cir. 2008) (though narrower than that enjoyed by judges, clerks of court claim judicial immunity for acts performed within the function of their position); see also Rutherford v. United States Dist. Ct., 425 F. App'x 400, 400 (5th Cir. 2011) ("As a unit of the judicial branch of the federal government, the United States District Court is entitled to sovereign immunity, and the district court lacked jurisdiction to entertain Rutherford's claims against it."). Plaintiff has offered no objection to immunity for these defendants. Those claims against United States District Court for the District of South Carolina, the United States Court of Appeals for the Fourth Circuit, Judge Andersen and O'Conner are dismissed.

Therefore, plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as the opinion of the Court. (Doc. 39). Defendant State of South Carolina's motion to strike the second amended complaint, (doc. 27), and motions to dismiss are **GRANTED**, (docs. 14 & 31). The State of South Carolina is **DISMISSED** as a defendant in this case. All remaining claims are **DISMISSED** for improper venue and because they were previously considered by another district court, are untimely, or are barred by immunity. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 10th day of September, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA